**NORTH DAVIS BANK, a corporation, Plaintiff-Appellant,**

v.

**FIRST NATIONAL BANK OF LAYTON, a corporation, Defendant-Appellee.**

No. 71-1199.

United States Court of Appeals, Tenth Circuit.

March 27, 1972.

K. Roger Bean, Layton, Utah, for plaintiff-appellant.

J. Thomas Greene, Salt Lake City, Utah, for defendant-appellee.

Before LEWIS, Chief Judge, and PICKETT and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

In 1970, the First National Bank of Layton, Utah began construction of a building across the street from its principal banking house, intending to use such as a drive-in window facility for receiving deposits and cashing checks. Plaintiff North Davis Bank, a state bank, brought this action in state court seeking to enjoin the completion of the building and its use in connection with the business of the First National, contending that the facility would constitute a branch bank in violation of Utah law.[1] The defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(a). The trial court denied a motion to remand, determined that the facilities in question did not constitute a "branch bank," and granted defendant's motion to dismiss. On this appeal the jurisdiction of the federal district court is questioned, as well as the summary disposition of the case on its merits.

It is first urged that the removal was not proper and that the motion to remand should have been granted. The trial court was of the view that the allegations of the complaint present a right or an immunity arising under the Constitution and laws of the United States and that the federal court had jurisdiction.

What constitutes a case arising under the Constitution or a law of the United States has often been resolved by well defined principles and this court has had occasion recently to apply these several tests in State of Oklahoma ex rel. Wilson v. Blankenship, 447 F.2d 687, 691

(10th Cir. 1971), citing Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), and Chandler v. O'Bryan, 445 F.2d 1045, (10th Cir. 1971), cert. denied, 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972).

The tests stated in *Gully* for determining when a case arises under the laws of the United States are applicable here:

"[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; First National Bank v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L. Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Ibid; King County v. Seattle School District, 263 U.S. 361, 363, 364, 44 S.Ct. 127, 128, 68 L.Ed. 339. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto (New Orleans v. Benjamin, 153 U.S. 411, 424, 14 S.Ct. 905, 38 L.Ed. 764; Defiance Water Co. v. Defiance, 191 U.S. 184, 191, 24 S.Ct. 63, 48 L.Ed. 140; Joy v. St. Louis, 201 U.S. 332, 26 S.Ct. 478, 50 L.Ed. 776; Denver v. New York Trust Co., 229 U.S. 123, 133, 33 S.Ct. 657, 57 L.Ed. 1101), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716; Taylor v. Anderson, 234 U.S. 74, 34 S.Ct. 724, 58 L.Ed. 1218. Indeed, the complaint itself will not avail as a ba-

---

1. Utah Statute § 7-3-6 provides generally that no branch bank shall be established in any city, town or village except those being of first class status. It is stipulated that Layton, Utah is a third class city.

sis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Devine v. Los Angeles, 202 U.S. 313, 334, 26 S. Ct. 652, 50 L.Ed. 1046; The Fair v. Kohler Die & Specialty Co., supra."

Appellant argues that the removal was improper in that the complaint as filed in state court neither raises nor asserts any federal right or question but that to the contrary is one based on a violation of Utah State Banking Law. Defendant, on the other hand, maintains that the action is one arising under 12 U.S.C. § 36(f) which defines a branch bank under federal law.

■ The conditions under which national banks may branch are embodied by the McFadden Act, 12 U.S.C. § 36. The policy established by the Act is generally referred to as one to create "competitive equality" between competing national and state banks and allows national banks to branch if, and only if, the host state permits one of its own state banks to branch.[2] See Walker Bank & Trust Company v. Saxon, 352 F.2d 90 (10th Cir. 1965), aff'd, 385 U.S. 252, 87 S.Ct. 492, 17 L.Ed.2d 343 (1966). It is well settled that the conditions under which a national bank may branch are to be determined by reference to state law and "that a 'branch' may be established only when, where, and how state law would authorize a state bank to establish and operate such a branch."

First National Bank in Plant City, Fla. v. Dickinson, 396 U.S. 122, 130, 90 S.Ct. 337, 341, 24 L.Ed.2d 312 (1969); First Nat. Bank of Logan, Utah v. Walker Bank, 385 U.S. 252, 87 S.Ct. 492, 17 L. Ed.2d 343 (1966). What constitutes a branch of a national bank, however, is to be determined by application of the standards prescribed by 12 U.S.C. § 36(f).[3] See Ramapo Bank v. Camp, 425 F.2d 333, 346 (3d Cir. 1970), cert. denied, 400 U.S. 828, 91 S.Ct. 57, 27 L.Ed. 2d 58 (1970), holding state law restrictions as to main office relocation are not to be read into the National Bank Act. In First National Bank in Plant City, Fla. v. Dickinson, 396 U.S. 122, 133, 90 S.Ct. 337, 343, 24 L.Ed.2d 312 (1969), the Supreme Court, in interpreting a question of what constitutes a branch of a national bank, held that this determination presented a threshold question of federal law. It stated:

"We reject the contention made by *amicus curiae* National Association of Supervisors of State Banks to the effect that state law definitions of what constitutes 'branch banking' must control the content of the federal definition of § 36(f). Admittedly, state law comes into play in deciding how, where, and when branch banks may be operated, Walker Bank, supra, for in § 36(c) Congress entrusted to the States the regulation of branching as Congress then conceived it. But to allow the States to define the content of the term 'branch' would make them

2. The National Bank Act, 12 U.S.C. § 36(c) (1) and (2) as amended provides:

"(c) A national banking association may, with the approval of the Comptroller of the Currency, establish and operate new branches: (1) Within the limits of the city, town or village in which said association is situated, if such establishment and operation are at the time expressly authorized to State banks by the law of the State in question; and (2) at any point within the State in which said association is situated, if such establishment and operation are at the time authorized to State

banks by the statute law of the State in question by language specifically granting such authority affirmatively and not merely by implication or recognition, and subject to the restrictions as to location imposed by the laws of the State on State banks."

3. 12 U.S.C. § 36(f) provides in pertinent part:

"(f) The term 'branch' as used in this section shall be held to include any branch bank, branch office, branch agency, additional office, or any branch place of business . . . at which deposits are received, or checks paid, or money lent."

the sole judges of their own powers. Congress did not intend such an improbable result, as appears from the inclusion in § 36 of a general definition of 'branch.' "

Not every question of federal law arising in an action establishes that a federal law is the basis of the suit. Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Anderson v. Bingham & G. Ry. Co., 169 F.2d 328 (10th Cir. 1948). "The case must be directly concerned with the construction of federal law and a determination of rights thereunder." State of Oklahoma ex rel. Wilson v. Blankenship, 447 F.2d 687, 691 (10th Cir. 1971). In the present case it is clearly the gravamen of plaintiff's suit that the construction of the drive-in window facility constitutes a branch. What constitutes a branch of a national bank is to be determined by the definition in § 36(f), not local law. First National Bank v. Dickinson, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969). This is the essential element of the plaintiff's claim. This is not a case in which a federal statute is indirectly or collaterally involved but it is one having its source in and arising under 12 U.S.C. § 36(f). International Ass'n of Machinists v. Central Airlines, 372 U.S. 682, 695, 83 S.Ct. 956, 10 L.Ed.2d 67 (1962.)

A state court case is removable only when it is disclosed on the face of the complaint, unaided by answer or by petition for removal, that it is one arising under the Constitution or laws of the United States. Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Gully v. First Nat. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); State of Oklahoma ex rel. Wilson v. Blankenship, 447 F.2d 687 (10th Cir. 1971); Chandler v. O'Bryan, 445 F.2d 1045 (10th Cir. 1971), cert. denied, 405 U.S. 964, 92 S. Ct. 1176, 31 L.Ed.2d 241 (1972); Crow v. Wyoming Timber Products Co., 424 F.2d 93 (10th Cir. 1970); Brough v. United Steelworkers of America, AFL–CIO, 437 F.2d 748 (1st Cir. 1971). The complaint alleges that the First National Bank of Layton has or is about to illegally establish a branch, which action it seeks to enjoin. The allegations present rights and immunities arising from federal statutes and the case was properly removed.

The remaining question is whether the trial court erred in concluding summarily on a motion to dismiss that the proposed "drive-in" facilities did not constitute a "branch bank."

The provisions of Rule 12(b), Federal Rules of Civil Procedure, provide that a trial court may, in its consideration of a motion to dismiss, treat it as a motion for summary judgment if matters outside the complaint are to be considered. Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965); Arrington v. City of Fairfield, Alabama, 414 F.2d 687, 692 (5th Cir. 1969); Soley v. Star & Herald Co., 390 F.2d 364, 366 (5th Cir. 1968); Bradford v. School District No. 20, Charleston, S. C., 364 F.2d 185, 187 (4th Cir. 1966). It is clear from the record that the trial court, in determining the nature of the facilities under construction, considered affidavits which contained matters outside the complaint and treated the motion, without objection, as a motion for summary judgment.

Under Federal Rule of Civil Procedure 56(c), a motion for summary judgment is appropriate only when the "pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Hanley v. Chrysler Motor Corporation, 433 F.2d 708 (10th Cir. 1970); Frey v. Frankel, 361 F.2d 437, 442 (10th Cir. 1966). The facts disclosed by the affidavits are uncontroverted. The matter was presented to the trial court by the parties without any dispute as to facts.

The affidavits reveal that defendant First National Bank of Layton proposes to erect a drive-in facility on a bank-owned lot, which is now utilized for customer parking. The structure when completed would be located about 100 feet away from the present bank office and across a street 66 feet wide. The drive-in would be connected with the present bank office by pneumatic tubes with no structures intervening between the drive-in facility and the bank proper. The drive-in and the banking house will be a unity of operation, and the window extensions will be used to provide a service necessitated by the increasing demand to accommodate customers who arrive at the bank in automobiles.

There is no fixed test for determining what constitutes a branch bank. First National Bank v. Dickinson, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969). Each case must be considered on its own facts. In this case it is disclosed that the proposed facility is an integral operating part of the bank proper. The outside drive-in teller's window is nothing more than an enlargement of existing facilities for the convenience of customers in conducting bank business, and does not constitute "a separate branch bank, branch office, branch agency, additional office or branch place of business." 12 U.S.C. § 36(f). It affords no competitive advantage as apparently such arrangements are not prohibited by Utah law. The Supreme Court of Utah in First Nat. Bank of Logan v. Walker Bank & Trust Co., 19 Utah 2d 18, 425 P.2d 414 (1967), in considering a Utah statute similar to 12 U. S.C. § 36(f), stated in a like situation that the totality of facts "portrays a single, integrated banking operation at a banking house, expanded in the manner described to accommodate customers coming to that same banking house." There is no similarity in the proposed activity here with that in First National Bank v. Dickinson, *supra*.

Affirmed.