MEMORANDUM AND ORDER
 

 BECHTLE, District Judge.
 

 Presently before the court is AcroMed Corporation’s (“AcroMed”) Motion for Partial Reconsideration of Pretrial Orders 409 and 438 issued by this court in MDL 1014 (Docket #3859).
 
 [1]
 
 AcroMed has requested the court to reconsider its ruling in both Orders and to deny the motions to remand cases in which Plaintiffs have alleged a conspiracy claim predicated on alleged violations of the Federal Food, Drug & Cosmetic Act (“FDCA”) and the Medical Device Amendments (“MDAs”) thereto. AcroMed offers in support of its motion a recent decision from the United States Court of Appeals for the Eighth Circuit,
 
 Gaming Corp. of Am. v. Dorsey & Whitney,
 
 88 F.3d 536 (8th Cir.1996), in which the court held that allegations of a civil conspiracy to violate the Indian Civil Rights Act, 25 U.S.C. §§ 1302
 
 et seq.
 
 (“ICRA”) provided federal question jurisdiction.
 

 Upon consideration of AcroMed’s Motion and the Lestelle Plaintiffs’ response thereto, and a review of the
 
 Gaming
 
 decision and other relevant precedent, the court will deny AeroMed’s motion.
 

 I. DISCUSSION
 

 It is a well-rooted principle of federal law that only actions that “originally could have been filed in federal court may be removed to federal court by the defendant.”
 
 Caterpillar v. Williams,
 
 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Because there was no diversity of citizenship in the cases remanded by Pretrial Orders 409 and 438, the court would have to find that Plaintiffs’ claims “aris[e] under the Constitution, laws, or treaties of the United States,” in order to exercise federal question jurisdiction. 28 U.S.C. § 1331;
 
 Merrell Dow Pharmaceuticals, Inc. v. Thompson,
 
 478 U.S. 804, 807, 106 S.Ct. 3229, 3231-32, 92 L.Ed.2d 650 (1986).
 

 The presence of a federal issue in a state cause of action, without more, does not “automatically confer federal question jurisdiction.”
 
 Merrell Dow,
 
 478 U.S. at 813, 106 S.Ct. at 3234. For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiffs claim.
 
 Phillips Petroleum Co. v. Texaco, Inc.,
 
 415 U.S. 125, 127, 94 S.Ct. 1002, 1003-04, 39 L.Ed.2d 209 (1974) (citation omitted). Furthermore, the cause of action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law.
 
 Merrell Dow,
 
 478 U.S. at 808, 106 S.Ct. at 3232. It would “undermine congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of ... federal statute[s] solely because the violation of the federal statute is said to be a ‘rebuttable presumption’ or a ‘proximate cause’ under state law, rather than a federal action under federal law.”
 
 Id.
 
 at 812, 106 S.Ct. at 3234.
 

 
 *400
 
 Neither rights nor immunities created by the Constitution or the laws of the United States form an essential element of Plaintiffs’ claims. Federal law did not create Plaintiffs’ cause of action because there is no private cause of action under the FDCA. The vindication of Plaintiffs’ state law claims do not turn upon the construction of federal law. Thus, these are not cases that originally could have been filed in federal court. Nonetheless, AcroMed maintains that this court has federal question jurisdiction.
 

 AcroMed argues that, in light of the
 
 Gaming
 
 case, the court should reconsider its decision to remand and find that it has federal question jurisdiction over all cases which allege a conspiracy to violate the MDAs. The Lestelle Plaintiffs oppose the motion and argue first that the order to remand cannot be reconsidered by the court
 
 [2]
 
 and, second, that reference to a federal law does not create a federal cause of action. For the reason set forth below, the court will deny AcroMed’s motion.
 

 A
 
 THE GAMING CASE
 

 In
 
 Gaming,
 
 members of a Native American tribe, the Ho-Chunk Nation, claimed that the law firm of Dorsey & Whitney (“Dorsey”) had violated state and federal law while representing the tribe during a tribal casino management licensing process.
 
 Gaming,
 
 88 F.3d at 540. The suit was filed in state court and alleged, in addition to a number of common law violations, that Dorsey had violated the ICRA.
 
 Id.
 
 at 540.
 

 Dorsey removed the case to federal court, alleging that federal question jurisdiction existed because many of the complaint’s allegations related to gaming license proceedings which are governed by the Indian Gaming Regulation Act, 25 U.S.C. §§ 2701
 
 et seq.
 
 (“IGRA”), and one count alleged violation of the ICRA, also a federal statute. Dorsey also filed a motion to dismiss arguing that the cause of action was completely preempted by the ICRA.
 
 [3]
 
 On the same day, the plaintiffs filed a motion to remand. The plaintiffs amended the complaint and added counts alleging conspiracy to violate the ICRA and violations of due process under the fifth, and fourteenth amendments to the United States Constitution.
 
 Id.
 
 at 541. The federal district court found that the state law was not completely preempted by the IGRÁ and that the conspiracy claim arose under state law.
 
 Gaming,
 
 at 541. The district court then dismissed,
 
 inter alia,
 
 the due process counts and remanded the remaining counts to state court after concluding that no federal questions remained. Dorsey appealed the decision, arguing that federal questions remained and that the IGRA completely preempted the field of gaming regulation.
 
 Id.
 

 Based on an analysis of the legislative history and the treatment of other regulations relating to Indian lands, the Eighth Circuit Court of Appeals found that the IGRA completely preempted the state laws regulating gaming on Indian land.
 
 Gaming,
 
 at 547-48.
 
 [4]
 

 In
 
 Gaming,
 
 the Eighth Circuit recognized that there is no private cause of action under the ICRA and acknowledged the Supreme Court’s holding in
 
 Merrell Dow. Id.
 
 at 550-51.
 
 [5]
 
 However, it distinguished
 
 Mer
 
 
 *401
 

 veil Dow
 
 finding that, “unlike the negligence action in that case
 
 [Merrell Dow
 
 ], a conspiracy claim is not an independent cause of action____ Since in so-called civil conspiracy cases liability is predicated upon the tort committed by the conspirators and not upon the conspiracy, allegations of conspiracy do not change the nature of the cause of action.”
 
 Id.
 
 The court then held that the conspiracy claim arose under federal law because federal law is the only measure of whether there was a conspiracy by the defendants to commit the unlawful act.
 
 Id.
 
 at 551.
 

 The court finds that the Supreme Court’s decision in
 
 Merrell Dow
 
 governs the instant action. It further finds persuasive the reasoning in a number of cases which have held that conspiracy to violate federal law is a state law claim. Therefore, the court declines to follow the Eighth Circuit’s decision in
 
 Gaming.
 

 B. MDL10U
 

 Civil conspiracy is a state law claim. This court does not believe that merely alleging that the conspiracy was to violate a federal law converts a state claim to a federal claim. A violation of the FDCA or the MDAs is not an essential element of Plaintiffs’ claims. The court need not construe those laws to determine whether a conspiracy existed; it need only determine whether the defendants conspired to violate the law. The law allegedly violated happens to be a federal law. Assuming arguendo that it is the only measure of whether the conspiracy occurred, this court still does not agree that the conspiracy claim is automatically converted to a federal claim.
 
 See Abrams v. Carrier Corp.,
 
 434 F.2d 1234, 1253-54 (2d Cir.1970),
 
 cert. denied,
 
 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971) (remanding conspiracy claim because there exists no federal statute which confers independent jurisdiction upon the federal courts for claims of civil conspiracy in the labor relations field, and conspiracy to violate an individual’s rights under the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 412, is not sufficient to vest federal court with jurisdiction);
 
 Berard v. General Motors Corp.,
 
 493 F.Supp. 1035, 1042 (D.Mass.1980) (adopting the reasoning in Abrams);
 
 Marquette Nat’l Bank of Minneapolis v. First Nat’l Bank of Omaha,
 
 422 F.Supp. 1346, 1351 (D.Minn.1976) (“A cause of action alleging a civil conspiracy is a state law claim whether the statute to be violated is state or federal.”);
 
 Turner v. First of Omaha Serv. Corp.,
 
 401 F.Supp. 439, 443 (S.D.Iowa 1975) (“The basic cause of action ... remains a matter of state substantive law, however, regardless of the fact that the tort may be called a conspiracy to violate a federal law.”) To find federal question jurisdiction in this instance would be contrary to the well-defined boundaries of federal jurisdiction established by the United States Supreme Court.
 
 See Caterpillar,
 
 482 U.S. 386, 107 S.Ct. 2425;
 
 Merrell Dow,
 
 478 U.S. 804, 106 S.Ct. 3229;
 
 Phillips Petroleum,
 
 415 U.S. 125, 94 S.Ct. 1002.
 

 To find federal question jurisdiction would also be contrary to the intent of Congress. Congress has specifically empowered certain civil plaintiffs with the ability to sue in federal court based on conspiracy.
 
 See
 
 15 U.S.C. § 1 (The Sherman Act); and 42 U.S.C. § 1985 (Civil Rights Act). There is no similar language conferring a federal cause of action for conspiracy to violate the FDCA or the MDAs in the statutes.
 
 Strong v. Telectronics Pacing Sys., Inc.,
 
 78 F.3d 256, 261 (6th Cir.1996). Based upon Congress’s choice not to include such language, and the Supreme Court’s interpretation of the statute, the court must find that no such intent exists.
 

 The
 
 Gaming
 
 ease involved Indian lands, which have a long history of federal regulation. The FDCA does not have a similar history. Significant to this court is the fact that the statute before it is the same statute upon which the Supreme Court ruled in
 
 Merrell Dow.
 
 This court also has before it the same question that was before the Supreme Court in
 
 Merrell Dow,
 
 namely,
 

 whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of
 
 *402
 
 that federal standard, makes the action one “arising under the Constitution, laws or treaties of the United States,” 28 U.S.C. § 1331.
 

 Merrell Dow,
 
 478 U.S. at 805, 106 S.Ct. at 3230. As the Court held in
 
 Merrell Dow,
 

 congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently “substantial” to confer federal-question jurisdiction.
 

 Id.
 
 at 814, 106 S.Ct. at 3235.
 

 Third Circuit precedent also supports the court’s decision that no federal question jurisdiction exists in the instant eases.
 
 See Smith v. Industrial Valley Title Ins. Co.,
 
 957 F.2d 90, 93 (3d Cir.1992) (stating, “Hollowing
 
 Merrell Dow,
 
 we hold that a private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction____ Thus, a federal court is prohibited from finding federal question jurisdiction on the ground that such federal violation is a disputed and necessary element of a state cause of action.”)
 

 Finally, it cannot be argued that inconsistent state court rulings on this matter will be harmful to federal law. As the Third Circuit found in
 
 Smith,
 
 regardless of the interpretation that the state courts might give this provision of federal law, “[n]o federal precedent will be set by state courts in this circumstance, so even inconsistent interpretations ... will not affect federal jurisprudence in any way.”
 
 Id.
 
 at 94.
 

 II. CONCLUSION
 

 For the foregoing reasons, the court will deny AcroMed’s Motion for Partial Reconsideration.
 

 An appropriate Order follows.
 

 [1]
 

 . In Pretrial Orders 409 and 438, the court remanded cases in which federal question jurisdiction was based upon complete preemption by the MDAs. Because there was no diversity jurisdiction, and the court ruled that the MDAs do not provide complete preemption, the cases were remanded for lack of jurisdiction.
 

 [2]
 

 . The United States Court of Appeals for the Third Circuit has held that a district court "Iack[s] jurisdiction to reconsider its order of remand once a certified copy of the remand order has been sent to state court.”
 
 Trans Penn Wax Corp. v. McCandless,
 
 50 F.3d 217, 226 (3d Cir.1995). The certified copies of remand orders have not been sent to the state courts. Therefore, the court has jurisdiction to reconsider the Orders.
 

 [3]
 

 . Complete preemption arises only where Congress intends that a federal statute preempts a field of law so completely that state law claims are converted into federal claims.
 
 Metropolitan Life Ins. Co. v. Taylor,
 
 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). In contrast, the defense of preemption does not convert state claims into federal claims.
 

 [4]
 

 . The Eighth Circuit stated, "[i]t is a long-and-well established principle of Federal-Indian law as expressed in the United States Constitution, reflected in Federal statutes, and articulated in decisions of the Supreme Court, that unless authorized by an act of Congress, the jurisdiction of State governments and the application of state laws do not extend to Indian lands.”
 
 Id.
 
 at 545.
 

 [5]
 

 . In
 
 Merrell Dow,
 
 the Court held that congressional determination that there is no federal remedy for violation of the statute is tantamount to a
 
 *401
 
 finding that the presence of the statute as an element of a state law claim is insufficient to confer jurisdiction.
 
 Merrell Dow,
 
 478 U.S. at 814, 106 S.Ct. at 3235.