**ALBERTO SAN, INC., Plaintiff**

v.

**CONSEJO DE TITULARES DEL CONDOMINIO SAN ALBERTO, et al., Defendant(s).**

**Civil No. 06–2227 (FAB).**

United States District Court, D. Puerto Rico.

March 13, 2007.

fringed on his constitutional rights in violation of 42 U.S.C. § 1983. The defendants are the Condominio San Alberto's Board of Owners and some of the condominium's owners. Plaintiff alleges that defendants deprived it of a property interest without due process law because the Board of Owners is using for voting purposes the concept of majority included in the current condominium law, instead of that in the previous law, which was abrogated in 1977 and under which plaintiff claims to have acquired vested rights. Under the previous law, the plaintiff, who owns a large percentage of the condominium's space, had voting power equivalent to his percentage of ownership. Under the current law, one vote is assigned to each owner irrespective of the percentage owned.

On March 2, 2007, defendants moved to dismiss the complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Defendants argue that the Court lacks jurisdiction over the complaint because plaintiff has failed to establish any state action or that defendants' conduct can be otherwise charged to the state, as is required to establish a cause of action under section 1983.

For the reasons discussed below, the Court **GRANTS** defendant's motion to dismiss.

## DISCUSSION

A. *Motion to Dismiss Standard*

 Pursuant to Fed.R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED,* 12 F.Supp.2d 243, 245 (D.P.R.1998). Because federal

Antonio J. Amadeo–Murga, A.J. Amadeo Murga Law Office, San Juan, PR, for Plaintiff.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Plaintiff Alberto San, Inc., filed this complaint alleging that the defendants in-

courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.,* 270 F.Supp.2d 217 (D.P.R.2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as ... depositions and exhibits." *See Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996). When federal jurisdiction is premised on the diversity statute, courts must determine whether complete diversity exists among all plaintiffs and all defendants. *Casas Office Machines v. Mita Copystar America, Inc.,* 42 F.3d 668, 673 (1st Cir.1994).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.,* 229 F.Supp.2d 105, 107 (D.P.R.2002). Under Rule 12(b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000)(*quoting Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

**B.** *Defendants' Motion to Dismiss*

▇▇▇ Section 1983 imposes liability on any person who, acting under color of law, deprives another of any "rights, privileges, or immunities secured by the Constitution and laws". 42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Teta v. Packard,* 959 F.Supp. 469, 475 (N.D.Ill.1997)(*quoting West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)).

In order to constitute state action, the alleged deprivation "must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible," and the defendant "must be a person who may fairly be said to be a state actor." *Id.*

▇▇▇ In this case, the plaintiff has simply failed to establish that the defendants are state actors. The defendants are all private citizens and there is no indication that they acted in concert with government agents so that their actions can somehow be attributed to the state. *See U.S. v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)("Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color of law' for purposes of the statute."). Plaintiff argues that defendants acted under color of state law by acting in accordance with a state law, namely the condominium law, which it challenges as unconstitutional. However, "[a]ction by a private party in compliance with a statute is not sufficient to justify a characterization of that party as a 'state actor.'" *Wojcik v. Town of North Smithfield,* 874 F.Supp. 508, 517 (D.R.I.1995). Therefore, plaintiff has failed to establish a claim under section 1983.[1]

---

1. Plaintiff also alleges jurisdiction under 28 U.S.C. § 1343. The Courts, however, give the same interpretation to both statutes and plaintiff's cause of action would also fail under section 1343. "Where, as here, deprivations of constitutional rights are alleged, both sections [28 U.S.C. § 1343 and 42 U.S.C. § 1983] require the same interpretation." *McClellan v. Shapiro,* 315 F.Supp. 484, 487 (D.Conn.1970).

■ In a desperate effort to keep its case in federal court, plaintiff asserts that the Court nevertheless has jurisdiction over the case pursuant to 28 U.S.C. § 1331, which states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff argues that because it has alleged a violation of its federal constitutional rights, namely the contracts clause (Art. 1 § 10) and the Fourteenth Amendment, it has sufficiently established a cause of action "arising under" the Constitution of the United States.

■ Before the Court can exercise jurisdiction over the case, however, the plaintiff must identify the basis for federal question jurisdiction. "In order to invoke federal jurisdiction under section 1331, a plaintiff's claim must be based on some federal law independent of that statute." *U.S. on Behalf of F.T.C. v. Larkin, Hoffman, Daly & Lindgren, Ltd,* 841 F.Supp. 899, 903 (D.Minn.1993)(*citing Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)).

> For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim. *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) (citation omitted). Furthermore, the cause of action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law. *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. 3229.

*In re Orthopedic Bone Screw Products Liability Litigation,* 939 F.Supp. 398, 399 (E.D.Pa.1996). "There is little dispute that there is a federal question if the plaintiff's complaint states a claims under a federal law that provides a legal entitle-ment to a remedy." Erwin Chemerinsky, *Federal Jurisdiction,* § 5.2 (3rd ed.1999).

Because the constitutional provisions relied on by the plaintiff do not provide a remedy for their infringement, and because the plaintiff has failed to identify which statute, other than section 1983, would enable it to bring its purported cause of action, it has failed to establish that this Court has jurisdiction over this controversy under 28 U.S.C. § 1331. Therefore, plaintiff's complaint must be dismissed for lack of jurisdiction.

## C. *Prevailing Party*

■ Because the court finds that "the plaintiff's action was frivolous, unreasonable [and] without foundation ..." attorneys fees are awarded to the defendant as the prevailing party in this case. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Tang v. State of R.I. Dept. of Elderly Affairs,* 163 F.3d 7, 13 (1st Cir.1998).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motions to dismiss for lack of jurisdiction. Plaintiff's claims are dismissed **without prejudice.** Attorneys fees are awarded to defendants. Judgment shall enter accordingly.

**IT IS SO ORDERED.**