957 F.2d 90
 60 USLW 2547
 Anne Marie SMITH, Individually and on Behalf of Persons
Similarly Situated, Appellant,
v.
INDUSTRIAL VALLEY TITLE INSURANCE COMPANY.
Gary VOLINER and Cindy Voliner, Husband and Wife,
Individually and on Behalf of Persons Similarly
Situated, Appellants,
v.
CHICAGO TITLE INSURANCE COMPANY, Professional Abstract and
Assurance Corp.
May FRANKEL, Individually and on Behalf of a Class of
Persons Similarly Situated, Appellant,
v.
CONTINENTAL TITLE INSURANCE COMPANY LEGAL ABSTRACT COMPANY.
Carolyn BURNS, as Executrix of the Estate of Juliette L.
Echols, Deceased Attilio J. Chiarrocchi, as Chiarrocchi,
Deceased Mau Thi Le, Individually and on Behalf of Persons
Similarly Situated, Appellants,
v.
COMMONWEALTH LAND TITLE INSURANCE COMPANY, Northwestern
Abstract Company, Inc.
 Nos. 91-1555 to 91-1558.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 7, 1992.
Decided Feb. 24, 1992.
Rehearing Denied April 2, 1992.
 
 Morris M. Shuster, William D. Marvin (argued), Shuster & Marvin, Bala Cynwyd, Pa., for appellants.
 Patrick J. O'Connor, Richard C. Bennett, Cozen & O'Connor, Philadelphia, Pa., for appellees Industrial Valley Title Ins. Co. and Continental Ins. Co.
 James J. Binns, Mark R. Kmetz, Conrad, O'Brien, Gellman, DeStefano & Rohn, P.C., Philadelphia, Pa., for appellee Legal Abstract.
 Steven R. Waxman (argued), Eric L. Settle, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for appellee Chicago Title Ins. Co.
 Carl N. Martin, II, Philadelphia, Pa., for appellee Professional Abstract and Assurance Corp.
 Franklin Poul, Martha E. Johnston, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for appellees Comm. Land Title Ins. and NW Abstract Co. Inc.
 Before: COWEN, NYGAARD and WEIS, Circuit Judges.
 OPINION OF THE COURT
 NYGAARD, Circuit Judge:
 
 
 1
 In these consolidated class actions removed to the district court from the Court of Common Pleas in Philadelphia County, the district court dismissed the action under Fed.R.Civ.P. 12(b)(6), after denying plaintiffs' motions to remand the matter to the state court. The question is whether the district court had subject matter jurisdiction. Since we conclude it did not, we will vacate its dismissal order and remand the cause to the district court for it to further remand these consolidated class actions to the state court.
 
 I.
 
 2
 Plaintiffs are home sellers who asserted state statutory and common law claims against several title insurance companies who provided services in connection with plaintiffs' home sales. Defendant title insurance companies are "real estate reporting person[s]" as defined in section 6045(e)(2) of the Internal Revenue Code, 26 U.S.C. § 6045. Section 6045 imposes transactional reporting requirements on brokers generally. Section 6045(e)(1) extends these general reporting requirements to real estate transactions and "real estate reporting person[s]" within the meaning of the statute. Since a title company providing services in a residential real estate settlement is a "real estate reporting person" within the meaning of the statute, see 26 U.S.C. § 6045(e)(2)(A), the title company defendants were obligated to comply with § 6045's information reporting requirements when participating in plaintiffs' home sales. See 26 U.S.C. § 6045(a), (b), (e)(1), (e)(4).
 
 
 3
 Plaintiffs brought suit in the Pennsylvania court on behalf of themselves and others "who generally can be described as all persons who bought or sold residential real estate and were charged an IRS reporting fee by defendants since November 10, 1988." In essence, the gravamen of plaintiffs' claims is that defendants "separately charg[ed]" the homeowners for the information reporting required by § 6045(e)(1), in violation of § 6045(e)(3).
 
 
 4
 Section 6045(e)(3), which is fundamentally at issue in each of plaintiffs' claims, provides (emphasis added):
 
 
 5
 It shall be unlawful for any real estate reporting person to separately charge any customer for complying with any requirement of [§ 6045(e)(1) ].
 
 
 6
 Since the parties dispute the meaning of § 6045(e)(3)'s prohibition against "separate charge[s]", each plaintiff claim requires judicial construction of a federal provision--and a determination of whether the title insurance companies' alleged conduct falls within the statutory prohibition.
 
 
 7
 Plaintiffs did not assert federal causes of action, but sought recovery of damages on state common law theories of conversion, unjust enrichment, and for money had and received, and for unfair or deceptive acts or practices within the meaning of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. As the district court correctly observed, an essential element of each state cause of action is that defendants violated § 6045(e)(3) of the Internal Revenue Code: each state law theory of recovery necessarily required proof of an unlawful or wrongful act by defendants, and this element was supplied by plaintiffs' allegations that defendants violated the federal statute.
 
 
 8
 Given the presence of this federal issue within plaintiffs' state law claims, defendants removed the class actions from the state court to district court. Defendants asserted in their Notices of Removal that each of plaintiffs' claims "arise under" federal law within the meaning of 28 U.S.C. §§ 1331 and 1441[1] because each state law claim is premised upon alleged violations of the federal statute.
 
 
 9
 Following removal, plaintiffs moved under 28 U.S.C. § 1447 to remand the cases back to the state court.[2] Plaintiffs argued the district court lacked federal subject matter jurisdiction because the Internal Revenue Code does not provide a private federal remedy for a violation of § 6045(e)(3), and plaintiffs' claims are state causes of action.
 
 
 10
 The district court denied plaintiffs' remand motions, concluding that plaintiffs' claims "arise under" federal law within the meaning of 28 U.S.C. § 1331. The district court reasoned that a violation of § 6045(e)(3) was a necessary element of each of plaintiffs' claims, the parties disputed the meaning of the statute, and there existed a "weighty federal interest" in that dispute. The district court said its jurisdictional decision was supported by the "Smith-Gully- Franchise Tax Board" line of cases, and was not undercut by the outcome in Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). See Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921); Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).
 
 
 11
 After refusing to grant plaintiffs' motions to remand, the district court granted defendants' joint Rule 12(b)(6) motion to dismiss.
 
 II.
 
 12
 Although the district court's dismissal order raises several questions concerning interpretation of § 6045 of the Internal Revenue Code, we cannot reach the merits. We must first be satisfied of both our own and the district court's jurisdiction. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934). On this point we agree with plaintiffs that, in light of Merrell Dow, the district court lacked subject matter jurisdiction because plaintiffs' claims do not "arise under" federal law.
 
 
 13
 In Caterpillar Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318, the Supreme Court held that absent diversity of citizenship, federal question jurisdiction is required and "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." 107 S.Ct. at 2429 (citations omitted). Since diversity of citizenship is not alleged here, the propriety of the removal turns, as it did in Merrell Dow, on whether plaintiffs' claims fall "within the original 'federal question' jurisdiction of the federal courts." Merrell Dow, 106 S.Ct. at 3232.
 
 
 14
 While the Supreme Court has said "a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law' ", the Court has indicated that statement "must be read with caution." Merrell Dow, 106 S.Ct. at 3232 (quoting Franchise Tax Board, 103 S.Ct. at 2846). Thus, the "vast majority" of cases for which original federal question jurisdiction exists "are those in which federal law creates the cause of action." Merrell Dow, 106 S.Ct. at 3232. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Id. at 3234.
 
 
 15
 Merrell Dow posed and answered the following question:
 
 
 16
 The question presented is whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.
 
 
 17
 106 S.Ct. at 3230. Merrell Dow 's answer to that question leaves no room to conclude that the district court had federal question jurisdiction over plaintiffs' removed state law causes of action.
 
 
 18
 The parties agree with the district court, and we assume without deciding, that Congress has not provided a federal private cause of action for violating 26 U.S.C. § 6045(e)(3).[3] With that assumption, Merrell Dow's holding decides our jurisdictional inquiry:
 
 
 19
 a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States."
 
 
 20
 106 S.Ct. at 3237 (emphasis added).
 
 
 21
 Following Merrell Dow, we hold that a private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction in this circumstance. The district court did not have subject matter jurisdiction over plaintiffs' removed claims because they are not federal causes of action, and the only issue of federal law presented is whether there have been violations of a federal statute for which Congress did not provide a private federal remedy. "A federal rule of decision is necessary but not sufficient for federal jurisdiction. There must also be a right of action to enforce that rule." Dillon v. Combs, 895 F.2d 1175, 1177 (7th Cir.1990) (citing Merrell Dow), cert. denied, --- U.S. ----, 111 S.Ct. 670, 112 L.Ed.2d 663 (1991).
 
 
 22
 Once a federal court concludes Congress has decided not to provide a federal remedy for the violation of a particular federal statute, the court is "not free to 'supplement' that decision in a way that makes it 'meaningless.' " Merrell Dow, 106 S.Ct. at 3234 n. 10. When Congress has determined there should be no private, federal remedy for violation of a federal statute, that "is tantamount to a congressional conclusion that the presence of a claimed violation of the statute ... is insufficiently 'substantial' to confer federal-question jurisdiction." Merrell Dow, 106 S.Ct. at 3235. The significance of such a congressional determination "cannot be overstated" and, in the face of it, a federal court "would ... flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute...." Merrell Dow, 106 S.Ct. at 3234. Thus, a federal court is prohibited from finding federal question jurisdiction on the ground that such federal violation is a disputed and necessary element of a state cause of action.
 
 
 23
 Although a Pennsylvania court must, in all likelihood, interpret § 6045(e)(3) of the Internal Revenue Code to decide the merits of these home-sellers claims, a district court cannot where Congress has determined that no private remedy is available to them for defendant's violations of the statute. That determination precludes removal here.
 
 
 24
 Furthermore, that a Pennsylvania court will probably interpret the Internal Revenue Code when reaching the merits of plaintiffs' claims is proper. Merrell Dow recognized the possibility when the Court said, "even if there is no original district court jurisdiction for these kinds of action, this Court retains power to review the decision of a federal issue in a state cause of action." Merrell Dow, 106 S.Ct. at 3236. See 28 U.S.C. § 1257. Since Congress has not provided a private federal remedy for violating § 6045(e)(3), Merrell Dow dictates that the district court did not have subject matter jurisdiction:
 
 
 25
 Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system.
 
 
 26
 Merrell Dow, 106 S.Ct. at 3235.
 
 
 27
 Moreover, in this case, no matter what interpretation the Pennsylvania courts might give this particular provision of the Internal Revenue Code, it will have no effect whatsoever on the collection of tax by the United States. No federal precedent will be set by state courts in this circumstance, so even inconsistent interpretations of this provision among the states will not affect federal jurisprudence in any way. It is simply that Pennsylvania plaintiffs have pleaded a state-law cause of action for violating a provision of federal law for which there is otherwise no private right of action.
 
 III.
 
 28
 In conclusion, we will vacate the district court's dismissal of plaintiffs' claims because the district court lacked subject matter jurisdiction. We remand to the district court for it to remand these consolidated class actions to the state court.
 
 
 29
 COWEN, Circuit Judge, dissenting.
 
 
 30
 This case clearly turns on a substantial question of federal law. Because I cannot agree with the majority's interpretation of the Supreme Court precedents pertaining to federal question jurisdiction, I respectfully dissent.
 
 I.
 
 31
 The majority places great emphasis on the Supreme Court's decision in Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), but in doing so neglects the long line of cases which along with Merrell Dow define federal jurisdiction. In Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), the Court held that federal question jurisdiction exists when the plaintiff's "right to relief depends upon the construction or application of the Constitution or the laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation." Id. at 199, 41 S.Ct. at 245 (emphasis added). More recently, in Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), a unanimous Court held that the federal courts have original or removal jurisdiction when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id. at 27-28, 103 S.Ct. at 2855-56 (emphasis added). How the federal reporting fee statute, 26 U.S.C. § 6045(e)(3) (1988), is construed is clearly a substantial question of federal law. I believe Smith and Franchise Tax Board, not Merrell Dow, control this case.
 
 
 32
 In Merrell Dow, one count of the plaintiff's six-count complaint alleged that the drug Bendectin had been misbranded in violation of the Federal Food, Drug, and Cosmetic Act (FDCA). The other five counts alleged state law claims of negligence, strict liability, breach of warranty, fraud, and gross negligence. The Supreme Court held in a 5-4 decision that this single federal claim was not enough to confer federal jurisdiction:
 
 
 33
 We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States."
 
 
 34
 Merrell Dow, 478 U.S. at 817, 106 S.Ct. at 3237 (quoting 28 U.S.C. § 1331) (emphasis added).
 
 
 35
 In Merrell Dow, the violation of the FDCA was only one factor which could have been considered in determining negligence, thus the jury could have found the defendant negligent under state law without also finding a violation of the FDCA. Id. at 807, 106 S.Ct. at 3231. Consequently, the state law claims could have proceeded with the same force without the federal claim. The difference between Merrell Dow and the case presently before us is that here the state law claims cannot be decided without also deciding the federal claim. Section 6045(e)(3) is more than just an "element" of the state law claims. The federal statute forms the fundamental foundation of the state law claims. Indeed, if the defendant title insurance companies are found not to have violated the federal reporting fee statute, no state law claims will lie against them. The state law claims of conversion, money had and received, unjust enrichment, and unfair and deceptive trade practices are nothing more than remedies for the violation of section 6045(e)(3).
 
 
 36
 Moreover, Merrell Dow did not overrule the Supreme Court's earlier decisions in Smith and Franchise Tax Board--both of which established more expansive standards for federal jurisdiction. In fact, the Supreme Court cited both cases with approval in Merrell Dow. Id. at 809 n. 5, 813-14, 106 S.Ct. at 3232 n. 5, 3234-35.[1] Although Merrell Dow did not reconcile its holding with the Court's previous decisions, it recognized the existence of two different types of cases. Id. at 814 n. 12, 106 S.Ct. at 3235 n. 12. The first type, which includes Smith, involves the construction, application or constitutionality of a federal statute, and federal jurisdiction exists in such cases. The second type involves "the violation of the federal standard as an element of state tort recovery [which does] not fundamentally change the state tort nature of the action," id. (citing Moore v. Chesapeake & Ohio R. Co., 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934)), and federal jurisdiction does not exist in such cases. The case before this court is more like the first type than the second, since it involves the construction of a federal statute which comprises more than just an "element" of a state claim. The only way to reconcile Merrell Dow with Smith and Franchise Tax Board is to hold that federal jurisdiction can exist in the absence of a private federal remedy when a substantial federal question is involved.
 
 
 37
 The majority's almost exclusive reliance on Merrell Dow inappropriately portends the death of Franchise Tax Board, reports of which have been greatly exaggerated. In Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), decided just one year after Merrell Dow, the Court held that "[t]he century-old jurisdictional framework governing removal of federal question cases from state into federal courts is described in Justice Brennan's opinion for a unanimous Court in Franchise Tax Board." Id. at 63, 107 S.Ct. at 1546. Nowhere was the doctrine of Merrell Dow cited.
 
 
 38
 In Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Court applied the express language of Franchise Tax Board to patent cases under 28 U.S.C. § 1338. Following a general discussion of federal question jurisdiction under section 1331, the Court held that
 
 
 39
 [section] 1338 jurisdiction likewise extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.
 
 
 40
 Id. 108 S.Ct. at 2173 (emphasis added). See also Caterpillar Inc. v. Williams, 482 U.S. 386, 392-94, 107 S.Ct. 2425, 2429-31, 96 L.Ed.2d 318 (1987) (citing Franchise Tax Board with approval). Moreover, the substantial question test of Franchise Tax Board has been applied explicitly by at least three courts of appeals since Merrell Dow. See Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir.1990); Thornton v. Southwest Detroit Hosp., 895 F.2d 1131, 1133 (6th Cir.1990); Milan Exp. Co., Inc. v. Western Sur. Co., 886 F.2d 783, 788 (6th Cir.1989); West 14th St. Commercial Corp., v. 5 West 14th Owners Corp., 815 F.2d 188, 192 (2d Cir.), cert. denied, 484 U.S. 850, 108 S.Ct. 151, 98 L.Ed.2d 107 (1987); cf. Pruitt v. Carpenters' Local Union No. 225, 893 F.2d 1216, 1218 (11th Cir.1990) (for federal question jurisdiction, "the plaintiff's well-pleaded complaint simply may raise issues of federal law."); Kidd v. Southwest Airlines, Co., 891 F.2d 540, 542 (5th Cir.1990) ("A case 'arises under' federal law when the vindication of a right under state law necessarily turns upon some construction of federal law.") (citing Franchise Tax Board ); Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1394 (9th Cir.1988) (federal question jurisdiction "where the vindication of a right under state law necessarily turned on some construction of federal law.") (citing Franchise Tax Board ).
 
 II.
 
 41
 The majority adopts a rigid rule that "a private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction in this circumstance." Majority, supra at 93. Notwithstanding my belief that this is a misreading of Merrell Dow,[2] I believe the majority gives too much weight to congressional silence about the existence of a federal cause of action and too little weight to other important federal interests which are necessarily implicated by federal question jurisdiction.
 
 
 42
 Of course, courts are required to follow the dictates of Congress when it has clearly spoken on an issue. However, congressional silence is an entirely different matter, and we should be wary of inferring too much from silence. "Ordinarily, 'Congress' silence is just that--silence.' " Community for Creative Non-Violence v. Reid, 490 U.S. 730, 748-49, 109 S.Ct. 2166, 2177, 104 L.Ed.2d 811 (1989) (quoting Alaska Airlines, Inc. v. Brock, 480 U.S. 678, 686, 107 S.Ct. 1476, 1481, 94 L.Ed.2d 661 (1987)). See also Hilton v. South Carolina Public Rys. Comm'n, --- U.S. ----, ----, 112 S.Ct. 560, 568, 116 L.Ed.2d 560 (1991) (O'Connor, J., dissenting) ("The suggestion that this Court can ... better divine Congress' will to change the balance of power between the Federal Government and the States by listening to congressional silence than to a clear legislative statement substitutes telepathy for statutory interpretation."). One commentator has observed that
 
 
 43
 it can be questioned whether the absence of a federal cause of action means that Congress intended to foreclose federal jurisdiction when the construction of the federal law will be decisive in a state lawsuit. Congress may have thought it unnecessary to authorize suits for recovery; it does not follow that Congress decided it was unnecessary to have a federal court interpret the federal law in every instance.
 
 
 44
 Erwin Chemerinsky, Federal Jurisdiction § 5.2.3 (1989). One could argue just as credibly that congressional silence as to a federal cause of action indicates that Congress intended to preclude all private remedies, whether federal or state. Thus, to imply federal jurisdiction in the absence of a private federal remedy is no more a leap of faith than to imply a private state action in the face of congressional silence. See Merrell Dow, 478 U.S. at 831-32, 106 S.Ct. at 3244 (Brennan, J., dissenting).
 
 
 45
 An inflexible rule like the one adopted by the majority leaves no room for the consideration of other federal interests which are affected by federal jurisdiction. In Merrell Dow, the Court looked to broader issues of congressional intent, judicial authority, and the division of powers in a federal system, in determining whether federal jurisdiction was appropriate. 478 U.S. at 810, 814, 106 S.Ct. at 3233, 3235. See also Franchise Tax Board, 463 U.S. at 8, 103 S.Ct. at 2845 ("[T]he phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system."). As one noted treatise has observed about the majority opinion in Merrell Dow: "Justice Stevens' opinion is replete with hints that the Court wishes to reserve a wide discretion to tailor the 'arising under' jurisdiction to the practical needs of the particular situation." Hart and Wechsler's The Federal Courts and the Federal System 1020 (Paul M. Bator et. al. eds., 3d ed. 1988). Indeed, in footnote 12 of the opinion, the Court discusses the importance of examining "the nature of the federal interest at stake." Merrell Dow, 478 U.S. 814 n. 12, 106 S.Ct. at 3235 n. 12 (emphasis in original). Thus, the lack of a federal cause of action should not be dispositive of whether federal question jurisdiction exists.
 
 
 46
 In this case, we are confronted with a federal issue of great significance: the administration of the Internal Revenue Code. The administration of the federal tax code is exclusively the responsibility of Congress and the Internal Revenue Service, 26 U.S.C. § 7801-05 (1988), with the interpretation of the Code left to the federal courts. 26 U.S.C. § 7402 (1988) (federal jurisdiction for actions brought by United States to enforce internal revenue laws); 28 U.S.C. § 1340 (1988) (federal jurisdiction for civil actions involving internal revenue). Although Congress did not expressly create a cause of action for a violation of section 6045(e)(3), nor did it preempt all state causes of actions by enacting the Internal Revenue Code, I do not believe that Congress intended to leave the interpretation of the Code's provisions to state courts, even in cases alleging a state cause of action.
 
 
 47
 Moreover, I strongly disagree with the majority's statement that allowing state courts to interpret section 6045(e)(3) would "have no effect whatsoever on the collection of tax by the United States" and would not "affect federal jurisprudence in any way." Majority, supra at 94. The federal reporting requirement is essential to the collection of taxes since the I.R.S. relies on this information to verify income reported on tax returns. Anything that encourages or discourages the reporting of proceeds from home sales necessarily has an effect on the collection of taxes. How a customer is charged for this reporting service would have such an effect.
 
 
 48
 If state courts adopted fifty different interpretations of what title insurance companies could charge for filing required reports, I cannot say with any confidence that the resulting confusion would not ultimately have an impact on the collection of taxes. As the Court of Appeals for the Sixth Circuit noted in a case involving the interpretation of the Interstate Commerce Act:
 
 
 49
 The historical federal interest in the regulation of interstate commerce persuades us that plaintiffs' claims for recovery under the bonds, which are clearly creatures of federal law, should not be subjected to the peculiarities of interpretation in fifty different state forums. Rather, plaintiffs' claims should be heard in a federal forum that possesses substantial expertise in matters of interstate commerce.
 
 
 50
 Milan Express, 886 F.2d at 787. The Sixth Circuit's reasoning would apply with equal force to the interpretation of the Internal Revenue Code.
 
 
 51
 Even if different state interpretations of section 6045(e)(3) would not overly burden title insurance companies, there is the less tangible, but no less important, interest in protecting the integrity of federal taxation policy through uniform judicial decisionmaking. In the context of the National Labor Relations Act, another statute implicating important federal interests, the Supreme Court has stated:
 
 
 52
 To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law.... [T]o allow the States to control conduct which is the subject of national regulation would create potential frustration of national purposes.
 
 
 53
 San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 244, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959). Simply put, the overwhelming federal interest in the reporting of taxable income dictates a finding of federal jurisdiction in this case.
 
 III.
 
 54
 For the reasons set forth above, I would find that this case was properly removed to federal court since the complaint raised a substantial question of federal law. Although I would find proper federal question jurisdiction, I would affirm the district court's dismissal of the case on the merits under Rule 12(b)(6). I respectfully dissent.
 
 
 
 [1]
 Section 1441(b) provides in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b)
 Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
 
 
 [2]
 Section 1447(c) provides, in pertinent part:
 A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
 28 U.S.C. § 1447(c) (emphasis added).
 
 
 [3]
 The Court in Merrell Dow was confronted with a similar situation and made the equivalent assumption. See 106 S.Ct. at 3233
 
 
 [1]
 As Justice Brennan noted in his Merrell Dow dissent: "The continuing vitality of Smith is beyond challenge. We have cited it approvingly on numerous occasions, and reaffirmed its holding several times--most recently just three Terms ago by a unanimous Court in Franchise Tax Board." 478 U.S. at 820, 106 S.Ct. at 3238
 
 
 [2]
 Under Merrell Dow, the existence of a federal cause of action is only relevant when the federal statute is merely an "element" of the state cause of action. 478 U.S. at 817, 106 S.Ct. at 3236