Mildred **FAIR**; Pamela Simpson; Jacqueline Anderson; Rhonda Lunsford; and Walter Fair, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**SPRINT PAYPHONE SERVICES, INC.**; T–Netix; BellSouth Public Communications, Inc.; AT & T Communications, Inc.; GTE Network Services; Sprint United Telephone Company; Rock Hill Telephone Company; Farmers Telephone Cooperative; Science Dynamics; State of South Carolina; South Carolina Department of Corrections; Perry Correctional Institution; Givens Correctional Center; Livesay Correctional Institution; Northside Correctional Institution; Cross Anchor Correctional Institution; Watkins Pre–Release Center; Dutchman Correctional Institution; Leath Correctional Institution; McCormick Correctional Institution; State Park Correctional Institution; Kirkland Correctional Institution; Trenton Correctional Institution; Catawba Correctional Institution; Kershaw Correctional Institution; Broad River Correctional Institution; Campbell Correctional Institution; Goodman Correctional Institution; Manning Correctional Institution; Stevenson Correctional Institution; Walden Correctional Institution; Women's Correctional Institution; Lower Savannah Correctional Institution; Allendale Correctional Institution; Wateree Correctional Institution; Lee Correctional Institution; Evans Correctional Institution;

Palmer Correctional Institution; Turbeville Correctional Institution; Lieber Correctional Institution; Ridgeland Correctional Institution; Coastal Correctional Institution; MacDougall Correctional Institution; and, John Does I–X, Defendants.

No. CIV.A. 6:01–626–20.

United States District Court,
D. South Carolina.

June 21, 2001.

Charles J. Hodge, Spartanburg, SC, John A. Hagins, Jr., Karen Creech, Greenville, SC, for plaintiffs.

David L. Freeman, Greenville, SC, for Sprint Payphone Services, Inc., Sprint United Telephone Co.

W. Howard, Boyd, Jr., Luanne L. Runge, Greenville, SC, for T-Netix.

Dwight F. Drake, Benjamin R. Smith, III, C. Mitchell Brown, Kevin A. Hall, Thad H. Westbrook, Columbia, SC, for BellSouth Public Communications, Inc.

Steven T. Moon, Columbia, SC, for AT&T Communications, Inc.

David L. Little, Jr. Rock Hill, SC, for Rock Hill Telephone.

William E. Durant, Jr., Sumter, SC, John S. Wilkerson, III, Charleston, SC, for Farmers Telephone Cooperative, Inc.

Timothy G. Sellers, Charlotte, NC, for Science Dynamics.

Charles F. Turner, Greenville, SC, for State and its Correctional Institutions.

## ORDER

HERLONG, District Judge.

·This matter is before the court on the plaintiffs' motion to remand. The plaintiffs originally filed this case in the Greenville County Court of Common Pleas. The defendants timely removed on the basis of federal-question jurisdiction. *See* 28 U.S.C. § 1441. For the reasons below, the court finds that it lacks subject matter jurisdiction and grants the plaintiffs' motion to remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs are family members and other individuals who have accepted intrastate collect telephone calls from inmates incarcerated in South Carolina correctional facilities. Inmates are only allowed to use the telephone service providers chosen by the South Carolina Department of Corrections to place collect calls. The plaintiffs allege that the defendants have entered into agreements for this phone service that charge recipients of inmates' collect calls uncompetitive rates and result in "kickbacks" to the government defendants.

The plaintiffs allege: (1) violations of the South Carolina Unfair Trade Practices Act, S.C.Code Ann. § 39–5–10 *et seq.;* (2) violations of the South Carolina Antitrust Act, S.C.Code Ann. § 39–3–10 *et seq.;* (3) unjust enrichment; (4) constructive fraud; (5) that the agreements are illegal because South Carolina officials lacked the authority to enter into them; (6) that the rates charged constitute an unlawful tax levied by the executive branch of the state government in violation of the separation of powers clause of the South Carolina Constitution; (7) that the rates charged constitute an unlawful tax in violation of the equal protection and due process guarantees of the South Carolina Constitution; and (8) that the rates charged constitute a taking in violation of the South Carolina Constitution. Each of these causes of action arises under state law.

### II. DISCUSSION OF THE LAW

■ In order for removal jurisdiction to exist, a federal court must have "original jurisdiction." *See* 28 U.S.C. § 1441(a). "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir.1999). The defendants removed this case on the basis of federal-question jurisdiction and therefore bear the burden of proof. *See* 28 U.S.C. § 1331. Section 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). The defendants have not argued that federal law creates the causes of action asserted by the plaintiffs. Rather, the defendants argue that federal-question jurisdiction exists because the plaintiffs' right to relief depends upon the resolution of a substantial question of federal law. Specifically, the defendants rely on a section of the Telecommunications Act of 1996 which authorizes the Federal Communications Commission ("FCC") to regulate payphone compensation plans. *See* 47 U.S.C. § 276(b).

Section 276 directs the FCC to create and administer regulations concerning the provision of payphone services, including both interstate and intrastate calls. Among other things, the FCC is directed to establish per-call compensation plans "to ensure that all payphone service providers are fairly compensated for each and every completed intrastate and interstate

call using their payphone." *Id.* § 276(b)(1)(A). Section 276 contains a preemption clause which states, "To the extent that any State requirements are inconsistent with the [FCC's] regulations, the [FCC's] regulations on such matters shall preempt such State requirements." *Id.* § 276(c).

However, the FCC's regulations concerning payphone compensation plans are less than comprehensive. The FCC has mandated that payphone service providers shall be compensated "at a rate agreed upon by the parties by contract." 47 C.F.R. § 64.1300(a). While the FCC's regulations prescribe certain procedures for tracking calls so that compensation can be computed, they do not mandate the terms of these contracts or the rate at which payphone service providers are to be compensated. Section 276 grants the FCC specific authority to regulate inmate payphone service, but the FCC has not issued any regulations dealing specifically with payphone services in correctional facilities.[1]

■ With this information in mind, the court must determine whether section 276 is sufficient to create federal-question jurisdiction in the present case where the plaintiffs have alleged only state law causes of action and have made no reference to federal law. "[A] case may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. 3229 (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d

420 (1983)). However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 813, 106 S.Ct. 3229. In determining whether the plaintiffs' claims in *Merrell Dow* arose under federal law, the Supreme Court first noted that the federal law asserted as the source of jurisdiction did not create a federal private cause of action. *See id.* at 810–11, 106 S.Ct. 3229. The plaintiffs alleged that the defendant had violated a provision of the Federal Food, Drug, and Cosmetic Act. The Court emphasized that the significance of the lack of a federal private cause of action for such a violation could not be overstated. *See id.* at 812, 106 S.Ct. 3229.

■ Here, the defendants have not argued that federal law creates a private cause of action. Furthermore, the court disagrees with the defendants' assertion that the presence of FCC authority to issue regulations concerning payphone services creates federal-question jurisdiction in this case. Federal regulations and statutes exercising authority over various aspects of national interest far more extensive and more central to the dispute than those at issue in this case have been held insufficient to confer federal-question jurisdiction. *See Smith v. Industrial Valley Title Ins. Co.,* 957 F.2d 90, 93 (3d Cir.1992) (finding no federal-question jurisdiction where violation of federal reporting statute was an element of plaintiff's claim); *Oliver v. Trunkline Gas Co.,* 789 F.2d 341, 343 (5th Cir.1986) (finding no federal-question jurisdiction based on federal natural gas regulations creating a "web of rights and

---

1. *See id.* § 276(d). The defendants cite *In the Matter of Implementation of the Pay Telephone Reclassification and Compensation Provisions of the Telecommunications Act of 1996,* 11 F.C.C.R. 20,541, 1996 WL 547458 (Sept. 20, 1996) in support of their contention that the FCC has enacted a compensation regime gov-

erning inmate telephones. However, the court's review of this document shows that the FCC has left inmate payphone service unregulated. *See* 11 F.C.C.R. 20,541, ¶¶ 74, 143 ("We have recently deregulated inmate payphones....")

obligations"); *Hunter v. United Van Lines,* 746 F.2d 635, 646 (9th Cir.1984) (finding no federal-question jurisdiction where state law bad faith claim against common carrier depended upon proof of a federal element).

The defendants cite *Ormet Corporation v. Ohio Power Company,* 98 F.3d 799 (4th Cir.1996) for the proposition that federal jurisdiction exists when the plaintiff's right to relief depends upon the interpretation of federal law. *Ormet* involved a dispute over emission allowances issued by the Environmental Protection Agency. Even though no private federal cause of action existed, the plaintiff's right to relief depended upon whether it was an "owner" within the meaning of the Clean Air Act. *See Ormet,* 98 F.3d at 806–07. The United States Court of Appeals for the Fourth Circuit held that this was a substantial federal interest sufficient to create federal-question jurisdiction. *See id.*

However, the Fourth Circuit, in analyzing the nature of the federal interest involved, concluded that a disparity in state interpretations of this issue of federal law could undermine the efficiency and stability of a federal statutory regime. *See id.* Here, that concern does not exist. A state court will not need to interpret any core term of section 276 to decide whether the plaintiffs' claims can succeed. Furthermore, the FCC has left it to the parties to determine by contract the rates at which payphone service providers are to be compensated. *See* 47 C.F.R. § 64.1300(a). While federal regulations authorize the existence of payphone compensation contracts, whether the specific agreements at issue in the present case are illegal will be determined by state law. Therefore, the federal interest asserted by the defendants is an insufficient basis upon which to establish federal-question jurisdiction. Therefore, it is

**ORDERED** that the plaintiffs' motion to remand is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas for the State of South Carolina.

**IT IS SO ORDERED.**