Mark STEPHENS and Marie Stephens, Plaintiffs,

v.

HIGH VOLTAGE MAINTENANCE CO., Emerson Electric Co., and Daimler Chrysler Corporation, Defendants.

Civil Action No. 04–1796.

United States District Court, E.D. Pennsylvania.

July 8, 2004.

Brian E. Fritz, Saltz, Mongeluzzi, Barrett & Bendesky, PC, Robert J. Mongeluzzi, Philadelphia, PA, for Plaintiffs.

Warren E. Voter, Sweeney & Sheehan, Philadelphia, PA, Alexander W. Ross, Jr., Rakoski & Ross, PC, Marlton, NJ, for Defendants.

## ORDER AND MEMORANDUM

DUBOIS, District Judge.

### MEMORANDUM

## I. BACKGROUND

This cause of action arises out of injuries sustained by plaintiff, Mark Stephens, as a result of a flash explosion that occurred on July 23, 2002 while Mr. Stephens assisted in the testing of an electrical transformer at defendant Daimler Chrysler Corporation's ("Chrysler") assembly plant in Newark, Delaware. Plaintiffs filed suit in the Philadelphia Court of Common Pleas on April 2, 2004. The complaint asserted state law negligence claims against each of the three named defendants: Chrysler, High Voltage Maintenance Company ("High Voltage"), and Emerson Electric Company ("Emerson"). According to the complaint, High Voltage and Emerson supervised the electrical maintenance performed at Chrysler's plant at the time of the explosion. As grounds for the negligence claims, the complaint alleged that the defendants each failed to comply with numerous safety measures and standards including the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 653. The complaint also asserted a state law claim for loss of consortium by plaintiff Marie Stephens against each of the defendants.

On April 26, 2004, Chrysler filed Preliminary Objections and a Motion to Dismiss Plaintiff's Complaint in the Court of Common Pleas. On that same date, Chrysler filed a Notice of Removal of this action. Chrysler's Notice of Removal alleged that this Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 [1] and that removal was proper pursuant to 28 U.S.C. § 1441(b) [2] for the following reasons: (1) plaintiffs alleged violations of OSHA, and (2) Delaware adopted OSHA as the exclusive basis for workplace safety standards and the determination of a landowner's duty of care to an independent contractor.

Plaintiffs filed this Motion to Remand on May 26, 2004 arguing that removal of the case was improper under the "well-pleaded" complaint rule because the complaint alleged only state law claims. Plaintiff also asserts that pleading a violation of OSHA as an element of its negligence claims does not establish federal subject matter jurisdiction over the case because

---

**1.** 28 U.S.C. § 1331 states as follows:
Federal Question
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**2.** 28 U.S.C. § 1441(b) provides as follows:

Actions removable generally
Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

OSHA does not create a private cause of action. Additionally, plaintiffs argue that, by filing Preliminary Objections in the form of a Demurrer and a Motion to Dismiss Plaintiffs' Complaint in the Court of Common Pleas, Chrysler waived any right to remove this action to federal court. Accordingly, plaintiffs argue that this Court is without subject matter jurisdiction over the case and the case should be remanded to the Court of Common Pleas of Philadelphia County. Plaintiffs also request an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c).

## II. APPLICABLE LAW

■ Where there is no diversity of citizenship between the parties, the removal of a case is governed by the "well-pleaded" complaint rule. *Franchise Tax. Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The well-pleaded complaint rule codifies the principle that the "plaintiff is the master of the complaint ... and that plaintiff may, by eschewing federal law, choose to have [his case] heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Ac-

cordingly, the rule provides that a case originally filed in state court cannot be removed to federal court unless federal subject matter jurisdiction appears "on the face of the complaint." *Id.* A case is not removable on the basis of a federal defense, including the defense of preemption.[3] *Id.* at 393, 107 S.Ct. 2425. This is true even when the defense is anticipated in the plaintiff's complaint and "both parties concede that the federal defense is the only question truly at issue." *Id.*

## III. DISCUSSION

### A. *Motion to Remand*

■ Chrysler contends that federal subject matter jurisdiction is apparent on the face of the complaint because the allegation that defendants violated OSHA is an "an essential element, or at least a major ingredient" of plaintiffs' state law negligence claims. Chrysler's position is that because Delaware law applies OSHA as the standard of care in work place settings, plaintiffs' right to relief depends on a resolution of a substantial question of federal law. Thus, Chrysler argues, this Court has subject matter jurisdiction over

---

**3.** A case is not removable based upon a defense of ordinary preemption. However, a case can be removed based on the doctrine of "complete preemption." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. That doctrine provides that when "an area of state law is *completely* preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (emphasis added). Complete preemption applies only "when the court has concluded that the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.*

The Court of Appeals for the Third Circuit has limited the application of the complete preemption doctrine to situations where: (1)

"the statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls;" and (2) "there is a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Goepel v. Nat'l Postal Mail Handlers Union*, 36 F.3d 306, 311 (3d Cir.1994). The *Goepel* Court further concluded that a federal statute that does not create a private cause of action does not meet the first criterion of complete preemption. *Id.* at 312.

Because OSHA does not create a private right of action, *see* Section III(A), the Court concludes that the doctrine of complete preemption does not apply to this case. In so ruling, the Court notes that Chrysler did not argue the applicability of the complete preemption doctrine.

the case and the Motion to Remand should be denied.

The Court rejects Chrysler's arguments and concludes that it does not have subject matter jurisdiction over this case. In reaching this conclusion, the Court relies on the Supreme Court's decision in *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 812, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In *Merrell Dow,* the Supreme Court stated that when Congress decides not to establish a private cause of action under a federal statute, it would be contrary to Congressional intent to confer federal subject matter jurisdiction over a case on the ground that plaintiff alleged a violation of a federal statute as an element of his state claim. *Id.* The Supreme Court stated:

> The significance of the necessary assumption that there is no federal private right of action thus cannot be overstated. For the ultimate import of such a conclusion, as we have repeatedly emphasized, is that it would flout congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nonetheless provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or a "proximate cause" under state law, rather than a federal action under federal law.

*Id.* In so concluding, the Supreme Court in *Merrell Dow* limited the reach of its prior decision in *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), in which it stated that federal subject matter jurisdiction could be grounded on a state law claim if the "vindication of a right under state law necessarily turned on some construction of federal law." *Id.*

Specifically, the *Merrell Dow* court stated that the "actual holding of *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.,* but we nevertheless concluded that federal jurisdiction was lacking." 478 U.S. at 812, 106 S.Ct. 3229.

The Court of Appeals for the Third Circuit has interpreted *Merrell Dow* as conclusively establishing the requirement of a private cause of action as a "prerequisite for finding federal question jurisdiction." *Smith v. Industrial Valley Title Insurance Co.,* 957 F.2d 90, 93 (3d Cir.1992). The *Smith* court stated that "a federal rule of decision is necessary but not sufficient for federal jurisdiction. There must also be a right of action to enforce that rule." *Id.* (citing *Dillon v. Combs,* 895 F.2d 1175, 1177 (7th Cir.1990)).

It is well-settled that OSHA does not create a private right of action. *See, e.g., Ries v. Nat'l R.R. Passenger Corp.,* 960 F.2d 1156, 1164 (3d Cir.1992) citing *United Steelworkers of Am. v. Marshall,* 647 F.2d 1189, 1235–36 (D.C.Cir.1980); *Dravo Corp. v. Occupational Safety & Health Review Comm'n,* 613 F.2d 1227, 1230 n. 2 (3d Cir.1980); *Jeter v. St. Regis Paper Co.,* 507 F.2d 973, 976–77 (5th Cir. 1975); *Byrd v. Fieldcrest Mills, Inc.,* 496 F.2d 1323 (4th Cir.1974) (per curiam); *Russell v. Bartley,* 494 F.2d 334, 336 (6th Cir.1974). Accordingly, this Court does not have subject matter jurisdiction over the case and the case is remanded to the Court of Common Pleas of Philadelphia County. Based on this ruling, the Court need not address plaintiffs' argument that defendant waived its right to remove the case to federal court.

### B. *Attorney's Fees*

Title 28 of the United States Code, Section 1147(c) provides in relevant part that "an order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of removal." The trial court has considerable discretion in determining whether fees should be awarded. *See Mints v. Educ. Testing, Service,* 99 F.3d 1253, 1260 (3d Cir.1996). The Court concludes that this is not a case in which an award of fees is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion to Remand Case to the Court of Common Pleas of Philadelphia County Pursuant to 28 U.S.C. § 1447(c) and remands the case to that court.

### ORDER

**AND NOW,** this 8th day of July, 2004, upon consideration of Plaintiffs' Motion to Remand Case to the Pennsylvania Court of Common Pleas, Philadelphia County Pursuant to 28 U.S.C. § 1447(c) (Document No. 7, filed) and Defendant's Opposition to Plaintiffs' Motion to Remand Case to the Court of Common Pleas (Document No. 8, filed June 9, 2004), **IT IS ORDERED** that Plaintiff's Motion to Remand Case to the Pennsylvania Court of Common Pleas, Philadelphia County, Pursuant to 28 U.S.C. § 1447(c) is **GRANTED** and this case is **REMANDED** to the Court of Common Pleas of Philadelphia County.

**IT IS FURTHER ORDERED** that the Preliminary Pretrial Conference scheduled for July 13, 2004 is **CANCELLED.**