## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Town of Cowen,**
**Defendant Below, Petitioner**

**vs)  No. 15-0438** (Webster County 14-CAP-1)

**Junior Cobb,**
**Plaintiff Below, Respondent**

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Town of Cowen, by counsel Dan L. Hardway, appeals the "Opinion and Order" of the Circuit Court of Webster County, entered on April 14, 2015. Respondent Junior Cobb, by counsel Dara A. Acord and Howard J. Blyler, filed a response.

Junior Cobb, the former mayor of Cowen, sued the Town of Cowen to recover money that he was forced to pay to the Internal Revenue Service due to his and the Town's failure to pay employment taxes required by federal law. Following a bench trial, the circuit court ruled in Mr. Cobb's favor, finding that, although both parties had unclean hands in the failure to pay the taxes, the Town would be unjustly enriched if the Town was not required to reimburse Mr. Cobb. The Town now appeals.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

This case commenced with the filing of a civil complaint by Mr. Cobb against the Town of Cowen in the Magistrate Court of Webster County on January 2, 2014. Mr. Cobb served as mayor of Cowen from August of 2008 until his resignation from office in July of 2011. In his complaint, Mr. Cobb alleged that he "was required by the [Internal Revenue Service] to pay $5,000.00 in employees [sic] taxes due to non-payment by recorder and Town Council." As relief, Mr. Cobb sought the "[r]eturn of $5,000.00 and court cost." It is undisputed that, beginning in the first quarter of 2010, neither the Town nor Mr. Cobb caused withholding or payroll taxes to be paid to the federal government as required by federal law.

1

The magistrate court dismissed the complaint, and Mr. Cobb appealed to the Circuit Court of Webster County.[1] The matter proceeded to a bench trial on March 13, 2015, and the circuit court entered an "Opinion and Order" on April 14, 2015. Therein, the court found that, although the parties disputed who had the actual duty to make the tax payments (Mr. Cobb or the Recorder), both Mr. Cobb and the Town Council knew that the taxes were not being paid to the Internal Revenue Service ("IRS"). The IRS determined that Mr. Cobb, as mayor of the Town of Cowen, was personally liable for the taxes and penalties pursuant to 26 U.S.C. § 6672.[2] Around April of 2013, the IRS sent Mr. Cobb notice that it intended to levy on his assets for unpaid taxes and penalties in the sum of $4,139.52. In response, Mr. Cobb made a net payment to the IRS in the amount of $5,028.82.[3]

The circuit court found that Mr. Cobb did not exhaust his administrative remedies under federal law to challenge the IRS's determination. The circuit court further found that the IRS applied only $1,070.43 of the amount paid by Mr. Cobb to the tax obligation of the Town, and applied the remainder to the interest and penalties due as a result of the unpaid taxes. The circuit court found that Mr. Cobb was legally obligated to pay the interest and penalties that were incurred as a result of his failure to perform his duty to meet the Town's tax obligation while he was mayor, and that the interest and penalties incurred were justly his obligation.

However, the circuit court also found that both Mr. Cobb and the Town had "unclean hands" because they both knew that the tax obligations were not being met. The circuit court found that the Town was unjustly enriched in the amount of $1,070.43 for the tax payment by Mr. Cobb. As a result, the circuit court ordered that the Town pay Mr. Cobb the sum of $1,070.43, entered judgment for Mr. Cobb in that amount, and assessed the costs to the Town.

Prior to trial, the Town filed a motion to dismiss in which it argued that the circuit court did not have subject matter jurisdiction because the lawsuit presented questions of federal tax law, which are reserved for the federal district court. The Town alternatively argued that, if the circuit court has jurisdiction, Mr. Cobb failed to state a claim upon which relief could be granted.

---

[1]The basis of the magistrate court's dismissal of the case is not apparent from the record.

[2] 26 U.S.C. § 6672(a) provides, in part, as follows:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

[3]According to the circuit court's findings of fact, Mr. Cobb sent the IRS a cashiers' check in the amount of $4,139.52. In addition, however, the IRS seized an income tax refund check in the amount of $1,889.00 that was due Mr. Cobb's wife, making a total payment to the IRS in the amount of $6,028.82. As a result of the overpayment, the IRS refunded Mr. Cobb $1,000.00, making his net payment $5,028.82.

On this point, the Town argued that "[Mr. Cobb], in essence, seeks indemnification for his own wrongful acts. The Internal Revenue Service, in assessing the penalty, found that [Mr. Cobb] *willfully* failed in his duties to collect and remit taxes. [Mr. Cobb] paid the penalty and did not contest the assessment." (Emphasis in original). The Town argued that no provision of federal law allows a person penalized under 26 U.S.C. § 6672 to seek reimbursement from another person. The circuit court denied the Town's motion to dismiss,[4] stating as follows from the bench:

> I'm going to deny the motion to dismiss the action. I think I do have jurisdiction. As I previously told the lawyers, I believe the issue in this case is unjust enrichment and of course there are various factors that if in fact the town, which was relieved of its tax obligation by virtue of the funds that were seized or paid by Mr. Cobb, then I can consider that on the issue of unjust enrichment.

The Town now appeals to this Court.

**Discussion**

On appeal, the Town raises four assignments of error, the first of which challenges the circuit court's ruling on its motion to dismiss for lack of jurisdiction. As the question presented by the Town's motion to dismiss is a question of law, we review its ruling de novo. *See* Syl. Pt. 4, *Peters v. Rivers Edge Mining, Inc.*, 224 W.Va. 160, 680 S.E.2d 791 (2009) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)).

The Town argues that the interpretation of the federal tax code is clearly a question reserved for the federal courts. *See Smith v. Industrial Title Ins. Co.*, 957 F.2d 90 (3d Cir. 1992). Additionally, the Town argues that nonpayment of federal taxes, including reimbursement for penalties assessed against an officer of an obligated employer, must be heard in federal court. See *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 310 (2005) (holding that there is a "national interest in providing a federal forum for federal tax litigation . . .). Finally, petitioner argues that the two federal statutes, 26 U.S.C. § 3403 and 26 U.S.C. § 7422, require dismissal of Mr. Cobb's complaint. 26 U.S.C. § 3403, entitled "Liability for tax," states that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment." The second statute, 26 U.S.C. § 7422, entitled "Civil actions for refund," provides, in part, as follows:

> (a) No suit prior to filing claim for refund. -- No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed

---

[4] It appears from the bench trial transcript that the circuit court ruled on the Town's motion at some point prior to the day of trial. However, there is no order memorializing the court's ruling in the record. The Town renewed its motion on the day of trial.

to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

The Town essentially contends that Mr. Cobb's complaint is an attempt to be reimbursed for the payment of his tax obligation – which he failed to challenge through the IRS's administrative process – to the Town in violation of these statutes.

Upon our review of the record, we find no error in the circuit court exercising jurisdiction over Mr. Cobb's complaint under the facts of this case. First, Mr. Cobb does not contest that the federal government has set up a structure to collect and enforce taxes due the federal government. However, the present case does not call into question the government's collection of taxes, generally, or the amount sought by the IRS from Mr. Cobb. Specifically, Mr. Cobb does not contest that the monies collected were owed and he acknowledged that he did not invoke any administrative remedy to seek a refund from the government pursuant to 26 U.S.C. § 7422. Importantly, there was no challenge for Mr. Cobb to make against the IRS pursuant to this statute because he did not allege that the IRS did anything faulty in its assessment. Thus, the federal statutes upon which the Town relies are inapplicable to the situation presented in this case. As the circuit court concluded, therefore, Mr. Cobb's claim does not arise under federal statutes; it is a claim invoking the doctrine of unjust enrichment, and was properly before the circuit court. Thus, we reject the Town's first assignment of error.

The Town's second assignment of error challenges the circuit court's finding that the Town was unjustly enriched by Mr. Cobb's payment of the taxes. We review the Town's argument with the following standards in mind:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat. Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Again relying on 26 U.S.C. §§ 3403 and 7422, the Town argues that the failure to remit taxes can result in an assessment of penalties and interest on the *employer.* In addition, the tax code creates a separate incentive for compliance by allowing a civil penalty against those individuals who are required to collect and pay the employer's taxes – in this case, Mr. Cobb. The Town reiterates that the IRS imposed the civil penalty on Mr. Cobb and he did not contest it. The Town argues that allowing Mr. Cobb to seek reimbursement from the Town for the penalty he was assessed violates 26 U.S.C. § 3403 in that the court ruling has essentially made the Town liable for his payment, which undermines the administration of the federal tax system.

4

"Unjust enrichment" refers, in part, to the "retention of a benefit conferred by another, who offered no compensation, in circumstances where compensation is reasonably expected." *Black's Law Dictionary* 1771 (10th ed. 2014). Additionally, this Court has stated that "if benefits have been received and retained under such circumstance that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the party receiving the benefits to pay their reasonable value." *Realmark Developments, Inc. v. Ranson*, 208 W.Va. 717, 721-22, 542 S.E.2d 880, 884-85 (2000) (quoting *Copley v. Mingo County Board of Education,* 195 W.Va. 480, 466 S.E.2d 139 (1995)). Under the facts of this case, the Town received the benefit of monies being credited by the IRS as a result of Mr. Cobb's payment, his obligation to make the payment notwithstanding. Importantly, while the Town spends considerable effort to convince this Court that Mr. Cobb was the guilty party who was the target of the IRS's enforcement, the Town must also acknowledge that it was aware that the payments had not been made and could have been liable as well. Accordingly, under the facts of this case, we find no error in the circuit court's finding that the Town was unjustly enriched by Mr. Cobb's payment to the IRS.

Third, the Town argues that the Mr. Cobb's recovery should have been barred by the doctrine of "unclean hands."[5] The Town argues, as it does above, that Mr. Cobb willfully violated the tax code, was targeted by the IRS for his failure to remit the taxes, and chose not to challenge the IRS's enforcement. Under these facts, the Town argues that Mr. Cobb should not have been permitted to sue the Town for reimbursement. We reject the Town's argument. As we have stated above, *both* parties acknowledged their role in the non-payment of the taxes, causing the circuit court to find that *both* parties had "unclean hands." Given that finding, which is well-supported by the evidence, we find no error in the circuit court awarding Mr. Cobb partial reimbursement for the amounts that he paid to the IRS.[6]

The Town's final assignment of error is that the circuit court erred in limiting the penalties and interest incurred by the Town to the time that Mr. Cobb served as mayor. Mr. Cobb took over as mayor in August of 2008.[7] The Town states that, once it discovered in early 2011, that Mr. Cobb was paying other obligations of the Town before paying the employment taxes, the Town made arrangements to deal with the debt owed. Mr. Cobb resigned in July of 2011. The Town states that it took until November of 2013 to pay all of the back taxes, interest, and penalties caused by Mr. Cobb's poor decision-making, which totaled $9,543.22.

Mr. Cobb responds that the Town's argument should be rejected because (1) the recorder was responsible for presenting bills for payment and she never presented any tax bills; (2) Mr.

---

[5] The doctrine of "clean hands" is defined as "[t]he principle that a party cannot seek equitable relief or assert an equitable defense if that party has violated an equitable principle, such as good faith." *Black's Law Dictionary* 306 (10th ed. 2014).

[6] Mr. Cobb could similarly argue that the Town's "unclean hands" bars it from disputing its equitable obligation to reimburse him.

[7] The parties do not dispute that the Town had tax problems prior to Mr. Cobb's tenure that were caused by his predecessor.

5

Cobb was not aware of the tax issue until he received the notice from the IRS, which he brought to Town council's attention; (3) it was permissible for Mr. Cobb to resign from the mayor position when he did; and (4) there was no logical reason that the circuit court should not have offset the amount owed to include only the time he served as mayor. More importantly, however, is that the appendix record does not indicate that the Town filed a counterclaim against Mr. Cobb in an effort to collect from him the amounts it allegedly paid after his resignation. Accordingly, we cannot conclude that the circuit court erred in calculating the damages as it did, given the pleadings and evidence before it.

For the foregoing reasons, we affirm the Circuit Court of Webster County's "Opinion and Order" entered on April 14, 2015.

Affirmed.

**ISSUED: May 20, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II